110 F.3d 72
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose Cruz ZAVALA-MORA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70422.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 24, 1997.*
Decided March 27, 1997.
 
 Before: SNEED, FARRIS, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Cruz Zavala-Mora, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals ("BIA") dismissing his appeal from the immigration judge's ("IJ") order denying his applications for suspension of deportation and voluntary departure pursuant to 8 U.S.C. § 1254(a) & (e). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 Zavala-Mora contends that the IJ abused his discretion when he refused to grant him a ten-day continuance after he had just retained counsel. We disagree.
 
 
 4
 The decision whether to grant a continuance is left to the sound discretion of the immigration judge and will not be overturned except upon a showing of clear abuse. See Gonzalez v. INS, 82 F.3d 903, 908 (9th Cir.1996) (no abuse of discretion to deny continuance after multiple continuances had been granted and alien had counsel).
 
 
 5
 Here, Zavala-Mora was given four continuances over a period of nine months. At the time the IJ granted the final appearance he told Zavala-Mora that his hearing was in four months and again encouraged him to seek counsel if he wanted representation. In addition he specifically warned Zavala-Mora that he intended to proceed with the hearing on the scheduled date and would not grant Zavala-Mora a continuance on the grounds that he had just retained counsel shortly before the hearing. Under these circumstances we find no abuse of discretion. See Gonzalez, 82 F.3d at 908. To the extent Zavala-Mora contends his due process rights were violated, he has failed to show any resulting prejudice. See Cuadras v. INS, 910 F.2d 567, 573 (9th Cir.1990). His allegation that the IJ would have granted his request for voluntary departure if his attorney had convinced him to abandon his request for suspension of deportation, is not supported by the record.[1]
 
 
 6
 Zavala-Mora next contends that the IJ abused his discretion by denying him the privilege of voluntary departure. We disagree.
 
 
 7
 Because the BIA independently reviewed the record on appeal and concluded that Zavala-Mora did not merit voluntary departure as a matter of discretion, we review the BIA's decision. See Rashtabadi v. INS, 23 F.3d 1562, 1566-67 (9th Cir.1994). In reviewing whether the BIA properly denied an applicant voluntary departure, we may examine only whether the BIA actually exercised its discretion and whether it did so in an arbitrary and capricious manner. See Abedini v. INS, 971 F.2d 188, 193 (9th Cir.1992).
 
 
 8
 Here, the BIA properly considered Zavala-Mora's family ties and his employment history in the United States, but found that his prior burglary conviction, false police report, and failure to report his tickets for driving without a license on his application, outweighed these favorable factors. Because the BIA supported its denial of voluntary departure with "a reasoned explanation based upon legitimate concerns," we will not set aside the BIA's denial of voluntary departure. See id. at 192-93 (upholding discretionary denial of voluntary departure where applicant had no significant equities in his favor and had given false statements to immigration officials upon entering the United States).
 
 PETITION FOR REVIEW DENIED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The record shows the IJ asked the INS at the outset of the hearing if it were inclined to grant Zavala-Mora voluntary departure; the INS indicated it was not
 
 
 [2]
 Because Zavala-Mora does not challenge the BIA's denial of his request for suspension of deportation, we deem the issue abandoned. See Martinez-Serrano v. INS, 94 F.3d 1256, 1259 (9th Cir.1996) (issues not raised in opening brief are deemed abandoned)